IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, a Utah limited liability company, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICK ENGLERT, et al, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:06-CV-378 TS |

This matter is before the court as result of a July 17, 2006, letter from Plaintiffs' counsel to the court advancing Plaintiffs' position in support of their Motion to Amend Complaint and in opposition to the Motions to Dismiss Defendants for lack of jurisdiction. The letter also makes several requests, each of which the Court will address.

Plaintiffs request that prior to ruling on Plaintiffs' request for a continuance of the Motions to Dismiss to allow discovery on the jurisdictional issues,[1] the Court first rule on

---

[1] Docket No. 19 at n.1 See also Docket No. 20, (requesting that the Court essentially bifurcate the jurisdictional issue and continue the Motions to Dismiss if the Court does not find jurisdiction based on the first reason Plaintiffs advance in opposition to the jurisdictional challenge).

1

the merits of one of Plaintiffs' several arguments in opposition to the dismissal motions. The Court declines to do so. It would essentially double the time required to resolve those motions if Plaintiffs' several arguments in opposition to the Motions were parsed out for separate briefing and consideration. Further, the Magistrate Judge has already accommodated Plaintiffs by expediting briefing on their request for discovery on the jurisdictional issue.[2] The Court finds no persuasive reason the Motions to Dismiss should not be heard by the Court as scheduled.

Plaintiffs also request that their Motion for Discovery on the Motion for a Preliminary Injunction be heard at the same time as the Motions to Dismiss. That discovery motion is referred to the Magistrate Judge under the standard "A" reference.[3] The Magistrate Judge will consider that discovery motion as to any remaining Defendants after the jurisdictional issues are resolved. The parties should make any request regarding expedited scheduling for that discovery motion directly to the Magistrate Judge's chambers.

The Court notes that by setting the Motions to Dismiss for hearing prior to the Motion for Preliminary Injunction, the Court fully considered the procedural posture of this case. The Complaint was filed on May 9, 2006. Although the Complaint requested injunctive relief, Plaintiffs did not, at that time, file affidavits[4] or a memorandum in support of a motion for injunctive relief or seek any hearing on injunctive relief. Defendants filed

---

[2] Docket No. 35 (setting expedited briefing on Plaintiffs' Motion to Conduct Limited Jurisdictional Discovery).

[3] Docket No. 12 (reference under 28 U.S.C. § 636(b)(1)(A)).

[4] The Complaint is not verified.

2

their Motions to Dismiss on June 26, 2006.[5]  On July 12, 2006, Plaintiffs filed their responses to the Motions to Dismiss[6] and, for the first time, filed a Motion for a Preliminary Injunction and sought a hearing on their request for injunctive relief.[7]  When chambers contacted counsel for all sides regarding possible scheduling of the various motions, counsel for Plaintiffs represented that while Plaintiffs sought expedited consideration of their request for an order allowing discovery for purposes of the injunction request, the hearing on their Motion for Preliminary Injunction should not be set until approximately 45 days following the initiation of such expedited discovery.  Plaintiffs' counsel declined the possibility of scheduling a hearing on their injunction request to immediately follow the Motions to Dismiss.  Defendants having raised their jurisdictional challenge prior to the Plaintiffs having either filed their Motion for a Preliminary Injunction or having sought expedited discovery on the same, the Court scheduled the jurisdictional challenge for resolution prior to the discovery on the injunction motion on the first available hearing date.  In the procedural posture of this case, the scheduling set by the Court will most expeditiously resolve the pending motions.

Plaintiffs also request that the Court refer to the Magistrate Judge one of their several arguments in opposition to the Motions to Dismiss,[8] as well as their Motion for

---

[5] Docket Nos. 8 and 9.

[6] Docket No. 19.

[7] Docket No. 23. *See also* Docket Nos. 24 and 25 seeking expedited discovery on the injunction issues.

[8] Namely, their argument that the Motions are moot.

3

Leave to Conduct Expedited Discovery[9] on the Injunction to the Magistrate Judge.  As noted above, the discovery request connected with the Motion for a Preliminary Injunction will be before the Magistrate Judge.  Absent unanimous written consent of all of the parties to have the Magistrate Judge to conduct all proceedings in a case,[10] it is not possible to refer dispositive motions to a Magistrate Judge except for a Report and Recommendation,[11] a time-consuming procedure not warranted in this case because an injunction request is pending.   For the reasons stated above, the Magistrate Judge will consider the Motion for Expedited Discovery on the Preliminary following resolution of the dismissal motions and this Court will consider the Motions to Dismiss together with all of Plaintiffs' arguments in opposition to the Motions.

The Court reminds counsel that (1) it is never appropriate to argue the merits of pending motions by letters to the Court and (2) all requests to the Court for an order shall be made by motion.[12]  There are several reasons for this rule including that proceeding by letter deprives opposing counsel of the appropriate procedural vehicle in which to respond to the requests.  It also confuses the record because correspondence from counsel is not routinely included in the record.  It is therefore

---

[9] Docket No. 24.

[10] *See* 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

[11] 28 U.S.C. § 636(b); DUCivR 72-2(b) and (c).

[12] Fed. R. Civ. P. 7.

ORDERED that the Court DENIES the July 17, 2006 letter request to amend its notice of hearing,[13] to bifurcate consideration of the issued raised in opposition to the Motions to Dismiss, and to refer the Motions to Dismiss to the Magistrate Judge.

DATED  July 20, 2006.

>BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[13]Docket No. 13.