**HOWREY LLP**
Gary F. Bendinger  (0281)
Christopher B. Sullivan (11053)
170 South Main Street, Suite 400
Salt Lake City, UT  84101
Telephone:  (801) 533-8383
Facsimile:  (801) 531-1486

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER usa, LLC, a Utah Limited Liability Company, and KLEIN-BECKER IP HOLDINGS, LLC, a Nevada Limited Liability Company, | |
| Klein-Becker, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL** |
| vs. | |
| PATRICK ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MRFINEST.COM, MRFINESTSUPPLEMENTS.COM; TOM ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MRFINEST.COM, MRFINESTSUPPLEMENTS.COM; MR. FINEST SUPPLEMENTS, INC; and JOHN DOE CORPORATIONS I-X, | Case No. 2:06CV00378-TS-DON  Judge Ted Stewart  Magistrate Judge David Nuffer |
| Defendants. | |

Plaintiffs filed a Motion for Sanctions, or, in the Alternative, to Compel Discovery.[1] That motion was briefed on an accelerated schedule and a hearing held on February 23, 2007.[2]

---

[1]   Docket No. 98, filed February 9, 2007.
[2]   Docket Nos. 100, 103.

Plaintiffs ask the Court to sanction Defendants for failing to comply with the discovery deadlines set forth in the Court's October Order granting, in part, expedited discovery.[3]  In their motion, Plaintiffs outlined the procedural history of this matter as well as the history of correspondence and other contact made in an effort to procure written responses, documents, Rule 34 inspection and depositions.[4]

Plaintiffs distribute proprietary topical cosmetic products, including "StriVectin–SD®," as well as other products.[5] Plaintiffs complain that Defendants are distributing StriVectin® products which are not genuine or which are stolen.  The causes of action include trademark infringement, copyright infringement, false advertising, unfair competition, and interference with contractual and business relations.[6]  Central to Plaintiffs' interests is the source of Plaintiffs' products Defendants sell, because Plaintiffs contend they maintain a tight control over the manufacture and distribution of their products.[7]  Defendants contend that they acquire and resell authentic StriVectin-SD® product in a manner permitted by law.

Plaintiffs filed their Complaint for injunctive relief and damages on May 9, 2006.[8]  On July 12, 2006, Plaintiffs sought leave to file their First Amended Complaint and filed their Motion for Preliminary Injunction seeking to enjoin and prohibit Defendants from directly or indirectly purchasing, advertising, marketing, distributing, selling, or using any of Plaintiffs' products, trademark, and copyrights.[9]  Plaintiffs also filed motions for jurisdictional discovery and discovery to support their motion for preliminary injunction.[10]  The Honorable Judge

---

[3] Docket No. 73.
[4] Docket No. 99, Plaintiffs' Memorandum in Support of Motion for Sanctions, or, in the Alternative, to Compel Discovery, Statement of Facts at iii – xii.
[5] Docket No. 51, p. 2.
[6] *Id.*
[7] Docket No. 90, pp. 3-13.
[8] Docket No. 1.
[9] Docket Nos. 17, 22.
[10] Docket Nos. 20, 24.

Stewart scheduled a hearing on Plaintiffs' Motion for Preliminary Injunction for March 22-23, 2007.[11]

In connection with the early stages of this case, and particularly in preparation for that hearing, there have been some discovery issues. On September 6, 2006, the Court granted, in part, Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery.[12] On September 29, 2006, the parties stipulated to dismiss Tom Englert from the case, and Patrick Englert withdrew his motion to dismiss based on personal jurisdiction, venue, and standing grounds.[13] On October 28, 2006, the Court granted, in part, Plaintiffs' Motion for Leave to Conduct Expedited Discovery.[14] In that Order, the Court stated that the discovery requested would enhance the likelihood of a productive result at the March 22, 2007 Preliminary Injunction hearing, which, at that point, was roughly five months away.[15] The parties were ordered to confer and file a report by November 10, 2006. The Court further ordered that written responses to discovery be produced by December 1, 2006, that documents be available for inspection by December 22, 2006, that the Rule 34 inspection of products be scheduled to take place on or before January 12, 2007, and that depositions be completed by February 2, 2007.

The Status Report submitted by the parties in November did not indicate any significant issues, and did not mention the need for a protective order of any kind.[16] However, after being granted a three-day extension to file written answers to discovery,[17] Defendants, on December 5, 2006, filed a Motion for Protective Order regarding product sources.[18]

---

[11] Docket No. 59.
[12] Docket No. 47.
[13] Docket Nos. 55, 56.
[14] Docket No. 73.
[15] *Id.*
[16] Docket No. 74.
[17] Docket No. 81.
[18] Docket No. 85.

On December 27, 2006, the Court granted, in part, Defendants' Motion for Protective Order, allowing Defendants to designate materials relating to product source "CONFIDENTIAL – ATTORNEYS EYES ONLY" so that only outside counsel for Plaintiffs could have access to such material.[19]  In that Order the Court recognized Plaintiffs' express desire to assert potential claims against manufacturers, distributors or others that might be added to this litigation.  The Court stated that the discovery of Defendants' sources should not be permitted to create a de facto result for the case, and that Defendants should not be deprived of or damaged in their business relation by reason of discovery for a preliminary hearing because the potential damage to Defendants' business is significant.

After attempting to obtain the Court-ordered discovery from Defendants, Plaintiffs filed their Motion for Sanctions, or, in the Alternative, to Compel Discovery on February 9, 2007.[20] In light of the issues raised by that Motion regarding the alleged need by Defendants for a second protective order, the Court entered a further Protective Order regarding Defendants' confidential business information on February 12, 2007.[21]  The Court also ordered the parties to meet and confer to complete the previously ordered discovery.[22]

Defendants failed to provide any written responses to Plaintiffs' discovery until February, 13, 2007. Plaintiffs included those written responses with their Reply Memorandum on the present motion, and the Court has reviewed those responses.  Those responses did not make any use of the Court's February 12, 2007 Protective Order.  Based upon the Court's review of Defendants written responses, the majority are inadequate to the point that the Court finds them almost contemptuous of and obstructive to the judicial process and schedule in this case,

---

[19] Docket No. 93.
[20] Docket No. 98.
[21] Docket No. 101.
[22] Docket No. 102.

4

particularly in light of the many orders that have been entered in this case and the great need for the information for a productive hearing on Plaintiffs' Motion for Preliminary Injunction.

For example, Defendants' responses to numerous interrogatories fail to comply with the requirements of Fed. R. Civ. P. 33(d) when referring to documents. The responses do not refer to documents in sufficient detail to permit the interrogating party to locate and identify the documents containing responsive information from which the answer may be ascertained as readily as the party served records. In addition, Defendants' responses to Plaintiffs' Request for Production of Documents fail to provide documents as they are maintained in the ordinary course of business or identified by specific requests for production as required by the Rules.[23] This failure by Defendants serves to obscure the subject of discovery. Further, the written responses are not signed by counsel. The written responses and the objections contained therein are also untimely despite a generous allowance of time to offer objections. There is no justifiable reason for delay in providing the objections.

In order to provide Defendants guidance in complying with the Order set forth below, the Court highlights the following specific deficiencies in Defendants' written responses:

- The responses to Interrogatory Nos. 1 and 2 include references to a possibly-to-be-filed motion for summary judgment regarding Defendants' right to resell genuine product purchased from third parties. Such a possibility does not obviate the need to produce the information called for by the Court-ordered discovery. Adequate protections are in place.

- The response to Interrogatory No. 3 regarding quality control procedures is wholly inadequate and does not answer the question.

- The response to Interrogatory No. 5 regarding individuals, persons or entities that Defendants are in contact with regarding purchasing, marketing, or sale, is inadequate. The response must be given in a narrative listing of the persons enumerated. Even if there are dozens of contacts, or even a hundred, there is not a significant burden in providing a narrative response, as businesses should have such records available.

---

[23] Fed. R. Civ. P. 34.

- The response to Interrogatory No. 8 is not responsive to the question stated because the response purports to restate the scope of the interrogatory. Defendants must respond to the full interrogatory, as stated.

The Court warns Defendants that the Court believes the Court has the power under Rule 37, its inherent power and 28 U.S.C. § 1927 to impose sanctions against Defendants, which may include striking defenses, recommending that the district judge enter summary judgment, recommending that the district judge impose a preliminary injunction, recommending that facts be found as uncontroverted, and awarding expenses and attorneys fees. The bottom line is that information regarding Defendants' sources of products must be in the hands of Plaintiffs in sufficient time in advance of the March 22, 2007 hearing to enable that hearing to be meaningful.

**ORDER**

IT IS HEREBY ORDERED that the Motion for Sanctions, or, in the Alternative, to Compel Discovery is GRANTED IN PART[24] and that:

1. Defendants are prohibited in future discovery responses from using the option to reference and produce business records pursuant to Fed. R. Civ. P. 33(d). Defendants may reference documents *to support* their narrative answers, but narrative answers will be required in all answers to future interrogatory responses.

2. Though there was no justifiable reason why Defendants' objections were untimely or unsigned, Defendants' objections to the Court-ordered discovery are not now stricken, but the Court retains the option to strike Defendants' objections, including attorney-client privilege, burdensomeness, or other objections stated.

3. Defendants are required to respond to Plaintiffs' Requests for Production by providing documents (a) in a form responsive to the categories requested or (b) as kept in the

---

[24] Docket No. 98, filed February 9, 2007.

ordinary course of business, which means in the file folder in which they are kept and/or otherwise so that the discovering party can look at the documents as they are stored in context.

4. Defendants have produced some documents identifying sources of Strivectin-SD product. Some documents produced, such as the documents contained in Exhibit E of Plaintiffs' Reply Memorandum[25] are incomplete, and make clear reference to additional records available only to a party to the transaction which Defendants have a duty to obtain and produce. If the details of the individual purchase transactions are available to Defendants, those details shall be provided to Plaintiffs' counsel.

5. Other records relating to product source, such as detailed inventory receipt records, purchase orders, and similar documents shall be produced on a per transaction basis.

6. The Documents produced to date have been bates-stamped by Defendants and copied. Defendants shall (a) indicate the provenance of the documents back to their original locations, indicate the custodians of the documents, indicate how the documents were originally designated, and take any other steps necessary in order to bring the documents produced to date back to how they are maintained in the ordinary course; or (b) identify all documents produced to the Requests for Production to which they relate.

7. Defendants' reference to the possibility of filing a summary judgment motion does not, in any way, obviate Defendants' obligation to fully and adequately respond to discovery and produce responsive documents.

8. Defendants are required to give a detailed narrative response to Interrogatory Number 5, specifically identifying all individuals and/or entities called for, whether it be dozens or hundreds.

---

[25] Docket No. 106.

7

9. Defendants shall provide revised written responses to discovery, including a certification of authenticity of produced documents and certification that Defendants' production of documents is a complete set of responses, by 12:00 p.m. MST on March 2, 2007. Defendants' counsel shall email the revised written responses to Plaintiffs' counsel and to the Court at mj.nuffer@utd.uscourts.gov.

10. Plaintiffs shall file a statement in response to Defendants' revised written responses to discovery with the Court by 4:00 p.m. MST on March 6, 2007. Plaintiffs shall also email a copy of their statement to Defendants' counsel and to the Court at mj.nuffer@utd.uscourts.gov.

11. Counsel for the parties shall appear for a follow-up hearing at 1:00 p.m. MST on March 7, 2007 in Room 477, unless otherwise noticed to counsel by the Court.

12. An on-site inspection of Defendants' product inventory shall take place at Defendants' premises during the week of February 26, 2007. Plaintiffs are allowed two persons, which may not include the client or any client representative, and a videographer who must also sign the Agreement to be bound by the Protective Orders.

13. The Court-ordered depositions shall be scheduled during the period March 12 – 16, 2007. Defendants shall file a status report with the Court on the deposition schedule by 12:00 p.m. MST on March 2, 2007. Defendants shall also email a copy of their status report to Plaintiffs' counsel and to the Court at mj.nuffer@utd.uscourts.gov.

14. On or before 12:00 p.m. MST on March 2, 2007, Plaintiffs shall file proposed findings of fact that the Court may order be taken as true if Defendants fail to make a full, adequate and satisfactory response to discovery. Plaintiffs shall also email a copy of their proposed findings of fact to Defendants' counsel and to the Court at mj.nuffer@utd.uscourts.gov.

Defendants shall be given notice at the March 7, 2007 follow-up hearing (or as otherwise provided by the Court) of the need, if any, to provide objections to Plaintiffs' proposed findings of fact. The Court will not take any action on Plaintiffs' proposed findings of fact without first providing Defendants an opportunity to be heard, after notice, after March 7, 2007.

15.     Any motion to stay this Order shall be taken directly to the district judge, notwithstanding Local Rule DUCivR 74-1(b), because the magistrate judge has no intention of granting a stay of this order.

16.     Plaintiffs raised the possibility of filing a motion to reconsider the December 27, 2006 Order. The magistrate judge will not grant any motion to reconsider the December 27, 2006 Order prior to the preliminary injunction hearing. The Court directs that any motion prior to the preliminary injunction hearing relating to reconsideration of that Order shall be raised with the district judge.

17.     To the extent Plaintiffs have received requests from the Salt Lake City Police Department for discovery materials produced by Defendants, the disclosure of any materials designated pursuant to the Court's December 27, 2006 Order or the Court's February 12, 2007 Protective Order is prohibited. The Court directs that any motion seeking relief from this prohibition prior to the preliminary injunction hearing shall be raised with the district judge. The magistrate judge feels that the information at present does not justify any action which might impair the Defendants' standing with suppliers and effectively destroy the Defendants' business. The hearing March 22, 2007, may change this balancing of harm to Defendants against Plaintiffs' need to investigate and cooperate with investigations.

18.     In addition to the items noted above, a copy of any other item filed with the Court or served on counsel pursuant to this Order shall also be provided by email to counsel and to the Court at mj.nuffer@utd.uscourts.gov.

DATED: February 28, 2007.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge