**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| KLEIN-BECKER usa, LLC, a Utah Limited Liability Company, and KLEIN-BECKER IP HOLDINGS, LLC, a Nevada Limited Liability Company,<br><br>            Plaintiffs,<br><br>   vs.<br><br>PATRICK ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MRFINEST.COM, MRFINESTSUPPLEMENTS.COM; TOM ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MRFINEST.COM, MRFINESTSUPPLEMENTS.COM; MR. FINEST SUPPLEMENTS, INC; and JOHN DOE CORPORATIONS I-X,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART RENEWED MOTION FOR SANCTIONS AND MOTION FOR SANCTIONS**<br><br><br>Case No. 2:06CV00378 TS<br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

      Plaintiffs have filed a Renewed Motion for Sanctions urging the court to apply appropriate sanctions, including the entry of summary judgment, against Defendants[1] for failure to comply with Court Orders.[2] They also seek leave to reschedule depositions which had been set for March 20-21, 2007.[3] The court concludes that sanctions are appropriate and grants Plaintiffs' Renewed Motion for Sanctions in part. Terminating sanctions are not imposed at this time.

---

[1] Docket no. 146, filed under seal March 21, 2007. Plaintiffs also have a motion for sanctions (docket no. 98, filed February 9, 2007) pending that was filed with, but not resolved with, an order (docket no. 115, filed February 28, 2007) resolving a prior motion to compel (docket no. 98)

[2] Docket nos. 73, filed October 28, 2006, and 115, filed February 28, 2007.

[3] Docket no. 146, at 2, filed under seal March 21, 2007.

**Nature of the Case**

Plaintiffs develope and produce proprietary topical cosmetic products known by the name "StriVectin–SD®."[4] Believing that Defendants were distributing stolen or counterfeit StriVectin products, Plaintiffs initiated this action seeking to enjoin Defendants from continuing to distribute StriVectin products.[5] Plaintiffs also sought leave to conduct expedited discovery to determine the source of Defendants' StriVectin–SD® products.[6] In October 2006,[7] the district judge scheduled a hearing on the motion for preliminary injunction for March 22, 2007. Shortly thereafter, the magistrate judge granted in part the Plaintiffs' motion for leave to conduct expedited discovery in advance of the March hearing and set a schedule for the discovery.[8] The magistrate judge stated that the discovery schedule was set to increase the "likelihood of a productive result"[9] in the March hearing. Under that schedule,

- written discovery responses were due December 1, 2006;
- document production was to be complete by December 22, 2006;
- the Rule 34 inspection was to take place on or before January 12, 2007; and
- depositions were to occur by February 2, 2007.[10]

Thus, orderly, reasonably paced discovery would be complete six weeks before the preliminary injunction hearing.

Following the entry of the expedited discovery order, the Defendants began a pattern of evasive and dilatory behavior. Despite being ordered to provide written responses to

---

[4] Amended Complaint at 2, docket no. 51, filed September 7, 2006.
[5] *Id*. at 25.
[6] Docket no. 24, filed July 12, 2006.
[7] Docket no. 59, filed October 6, 2006.
[8] Order Granting in Part and Denying in Part Motion for Expedited Discovery, docket no. 73, filed October 28, 2006.
[9] *Id*. at 1.
[10] *Id*. at 2.

interrogatories by December 1, 2006 and being given ample extensions and protective orders,[11] the defendants did not provide responses until February 13, 2007. Beyond being late, the court found that the substance of the responses was "almost contemptuous of and obstructive to the judicial process and the schedule in this case," and in late February granted in part Plaintiffs' Motion for Sanctions, or, in the Alternative, to Compel Discovery.[12] The contemptuous nature of the needless delay caused by defendants is evidenced by the recently discovered fact that defendants had prepared written responses to the interrogatories that were signed and notarized on December 5, 2006.[13] These responses contained information about Defendants' product sources that was critical to further discovery and to a meaningful Preliminary Injunction hearing. The December 5 responses were seized at Defendants' place of business in St. Louis, Missouri on March 1, 2007 pursuant to the court's Temporary Restraining Order, Seizure Order, and Order to Seal File Temporarily[14] and the Memorandum Decision and Order Granting Motion to Compel.[15]

The Defendants themselves did not provide information about product sources to Plaintiffs until March 16, 2007.[16] The first written discovery responses were delivered over four months after the deadline set in the order "expediting" discovery. Plaintiffs thus had very little time to prepare for the Preliminary Injunction hearing scheduled for March 22, 2007. By not providing Plaintiffs with information regarding product source in a timely fashion, Defendants obstructed the judicial process.

---

[11] Docket no. 81, filed December 2, 2006; docket no. 93, filed December 27, 2006; and docket no. 101, filed February 12, 2007.
[12] Docket no. 115, filed February 28, 2007.
[13] See Docket no. 147, Exhibit E, filed March 21, 2007.
[14] Docket nos. 116 and 117 (sealed).
[15] Docket no. 115, at 8, filed February 28, 2007.
[16] Docket no. 147, Exhibits A and B, filed March 21, 2007.

Plaintiffs were further prejudiced by the Defendants' failure to provide electronic data and a privilege log and by Defendants' concealment of 250 to 350 units of StriVectin–SD® during the March 1 Rule 34 Inspection. The Defendant has stated that the vast majority of his "business records relating to the sale and purchase of Plaintiffs['] products are contained in digital format on business computers."[17] Despite this fact, Defendants have not themselves provided any electronic data to Plaintiffs.

The privilege log provided by Defendants is also inadequate. Defendants have only asserted privilege protection for two documents,[18] other than a general assertion of privilege in the written responses to interrogatories.[19] Because thousands of documents are involved in this case, it is hard to believe that only two responsive documents are privileged. Defendants have been repeatedly ordered to provide a complete privilege log[20] and still must do so, listing all responsive privileged documents.

Defendants' failure to disclose the existence of 250 to 350 units of StriVectin–SD® during the court ordered March 1 Inspection was also prejudicial to the judicial process. In the March 16, 2007 responses to interrogatories – after the inspection – the defendants revealed that Patrick Englert "was in possession of an amount of 250 to 350 units of Strivectin–SD" that were not available for the March 1 Inspection at any of the locations where Defendants claimed to store products.[21] While Defendant Englert "asked his legal counsel to arrange for the proper delivery of these units to counsel for Klein-Becker,"[22] the delay was unnecessary and without excuse.

---

[17] Declaration of Patrick Englert, docket no. 139, ¶12, filed March 9, 2007.
[18] Docket no. 147, Exhibit H, filed March 21, 2007.
[19] Docket no. 147, Exhibits A and B at 2, filed March 21, 2007.
[20] Docket nos. 73, 115, and 140.
[21] Docket no. 147, Exhibits A and B at 25, filed March 21, 2007.
[22] *Id.*

The Defendants have been slow in fulfilling their discovery obligations and complying with court orders.  This pattern of behavior has lead to this motion.

## Discussion

In support of their request for imposition of summary judgment against Defendants, Plaintiffs cite *Ehrenhaus v. Reynolds*.  In *Ehrenhaus*, the court enumerates five factors that should be considered before imposing sanctions for discovery violations: "(1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [terminating sanctions] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[23]  Each of these factors will be considered.

1. The Degree of Actual Prejudice:

The Plaintiffs have been prejudiced in several significant ways by Defendants' discovery behavior.  The delay in providing information about product sources prevented Plaintiffs from fully presenting their case at the Preliminary Injunction hearing and made it difficult to adequately prepare for depositions.  Defendants' failure to provide any electronic data also prejudiced defendants.  Most of Defendants' records relating to the sale of Plaintiffs' products are in electronic format.  Plaintiffs' discovery efforts could have been greatly facilitated by having information in electronic format.  The information would have been complete, coupled with metadata, and much easier to search and analyze.  Supplying the electronic data would also have provided the documents as they are maintained in the ordinary course of business and fulfilled a specific request for production as required by the Rules.[24]  The prejudice caused by not providing electronic data "has not been alleviated by the seizure . . . because Klein-Becker

---

[23] 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).
[24] Fed. R. Civ. P. 34.

still is entitled to the discovery " responses signed and authenticated by Defendants.[25] In addition, plaintiffs have suffered prejudice because of the mounting attorney's fees caused by the Defendants' failure to promptly provide complete discovery responses.

While Plaintiff's efforts have been prejudiced, the degree of actual prejudice is lessened because their motion for a Preliminary Injunction was granted.[26] Plaintiffs obtained the result they desired from the hearing even if they did not have all the information they needed to prepare for it. However, this is a retrospective view. Defendants' behavior would have thwarted Plaintiff's efforts had Plaintiffs not taken other measures, such as obtaining the seizure order.

2. The Amount of Interference with the Judicial Process:

This court has already found that the Defendants' behavior has interfered with the judicial process when it stated that the "repeated failures to comply with the orders of the court and discovery obligations have severely prejudiced the attempts by the magistrate judge to manage this case."[27] The Defendants have greatly interfered with the judicial process by filing repeated motions for protective orders and then not taking advantage of the protection given,[28] thus delaying discovery and causing confusion. In a standard case, discovery requests would be answered within thirty days, interrogatories would be served and answered, documents would be produced, and then inspections would occur. That sequence was established with specific timelines in the court's order expediting discovery.[29] Defendants did not meet *any* of those deadlines. Defendants disrupted the sequence of discovery by not adequately responding to interrogatories in a timely fashion and not providing documents or electronic data thus forcing

---

[25] Sealed Order Granting Motion to Renew February 28, 2007 Order, docket no. 140, at 2, filed March 10, 2007.
[26] Docket no. 150, filed March 22, 2007.
[27] Docket no. 140, at 2, filed March 10, 2007.
[28] See docket no. 115, at 4, filed February 28, 2007.
[29] Order Granting in Part and Denying in Part Motion for Expedited Discovery, docket no. 73, filed October 28, 2006.

Plaintiffs to seize the material. Defendants have made a mockery of the time frame that was set for this case.

      3. The Culpability of the Litigant:

Defendants have deliberately withheld information and intentionally caused delay. This is evidenced by the finding of written interrogatory responses containing product sources that were prepared, signed and notarized December 5, 2006. Defendants did not provide written discovery responses to Plaintiffs until March 16, 2007. On December 1, 2006, Defendants claimed they needed three more days to respond to written discovery because of an ice storm,[30] but instead of providing the information after receiving the extension, they avoided deadlines by filing for protective orders and making claims that the request was unduly burdensome.[31] It was entirely within Defendants' power to provide information on product sources by December 5, 2006, but they refused to provide the information.

Defendants also failed to notify either party's counsel of 250 to 350 units of StriVectin–SD® that were not stored at locations to be searched during the March 1 Inspection despite being asked if there was any StriVectin–SD® at other locations. Defendants have purposefully inhibited the progress of this case.

      4. Whether the Court Warned the Party:

This court warned the Defendants in February "that the Court believes the Court has the power under Rule 37, its inherent power and 28 U.S.C. § 1927 to impose sanctions against Defendants, which may include striking defenses, recommending that the district judge enter summary judgment, recommending that the district judge impose a preliminary injunction,

---

[30] See docket nos. 79 and 80, filed December 1, 2006.
[31] See docket nos. 85, filed December 5, 2006; 99, SOF ¶29, filed February 9, 2007; and 147, Exhibits C and D, filed March 21, 2007.

recommending that facts be found as uncontroverted, and awarding expenses and attorneys fees."[32]  Defendants have been warned of the possible consequences of their actions.

      5. The Efficacy of Lesser Sanctions:

Plaintiffs assert that only the imposition of summary judgment will deter Defendants.[33] This court feels differently.  The imposition of summary judgment "with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'"[34]  At this time the court believes the awarding of expenses, including attorney's fees, will be an adequate remedy for Plaintiffs, serve to deter Defendants from future dilatory tactics, and preserve the "judicial system's strong predisposition to resolve cases on their merits . . . ."[35]  However, the court is very concerned about Defendants' behavior for other reasons.  Defendants' counsel withdrew in late April 2007.[36]  Defendants were required to appear in person or appoint counsel within twenty days.[37]  They did not.  The court recently issued an order compelling appearance or appointment by June 30, 2007.[38]

If Defendants do not comply with the court's orders and continue to obstruct the progress of this case, the court will not hesitate to impose more severe sanctions including recommending terminating sanctions be applied by the district judge.

---

[32] Docket no. 115, at 6, filed February 28, 2007.
[33] Docket no. 147, at 16, filed March 21, 2007.
[34] *Ehrenhaus*, 965 F.2d at 920 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)) (citations omitted).
[35] *Meade*, 841 F.2d at 1521 n.7 (citations omitted).
[36] Docket no. 174, filed April 23, 2007.
[37] DUCivR 83-1.4(b).
[38] Docket no. 178, filed June 13, 2007.

**Order**

IT IS HEREBY ORDERED that the Renewed Motion for Sanctions[39] and Motion for Sanctions[40] are GRANTED IN PART and that:

1. Defendants will pay Plaintiffs' expenses related to the motion to compel incurred prior to the February 28, 2007 order to compel, and in this renewed motion for sanctions, as later determined by the court.

2. Plaintiffs may, on or before July 6, 2007, submit evidence and a supporting memorandum regarding the expenses, including attorney's fees, incurred in the filing and prosecution of the motion to compel and this renewed motion for sanctions. Within ten days after such submission, Defendants may file documents as they deem appropriate opposing the same. The court will thereafter enter an order making an appropriate award.

3. Defendants must provide a complete privilege log on or before June 30, 2007.

4. On or before June 30, 2007, Defendants shall provide Plaintiffs with ten dates between now and July 31, 2007, when they are available for depositions.

5. Plaintiffs may, on or before June 30, 2007, submit a list of any relevant electronic data they believe is in Defendants' possession that was not seized during the March 1 Inspection.

Dated this 20th day of June 2007.

BY THE COURT:

_____
David Nuffer, U.S. Magistrate Judge

---

[39] Docket no. 146.
[40] Docket no. 98.