IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA LLC, et al., <br><br>  Plaintiffs, <br><br> vs. <br><br> PATRICK ENGLERT, individually, et al., <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS <br><br><br> Case No. 2:06-CV-378 TS |

Plaintiffs move to dismiss the Amended Counterclaim.[1] In response, Defendants filed a Second Amended Counterclaim.[2] Defendants argue that the filing of the Second Amended Counterclaims renders the Motion to Dismiss moot.

Plaintiffs contend that (1) the Amended Counterclaim fails to state a claim upon which relief can be granted; (2) the filing of the Second Amended Counterclaim is improper; and (3) filing the Second Amended Counterclaim would be futile because they also fail to state claims upon which relief can be granted.

---

[1] Docket No. 72 (Amended Counterclaim).

[2] Docket No. 82 (Second Amended Counterclaim).

Rule 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted. . . ."  We accept as true all well-pleaded factual allegations and view them in the light most favorable to . . . , the nonmoving party. " We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" We have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3]

The Amended Counterclaim contains claims for violations of the Sherman Act §§ 1 and 2, interference with business relations, and for cancellation of the StriVectine-SD trademark. By not filing a substantive response, Counterclaimants tacitly admitted that each of these claims fail to state a claim for which relief can be granted. Reviewing the claims, the Court agrees. Counterclaimants do not allege a "dangerous probability of success in monopolizing the relevant market" as required to state a Sherman Act § 2 claim.[4] Nor do they adequately state an alleged product market as required to state either a Sherman Act § 1 or § 2 claim because "they do not offer any plausible explanation as to why a market should be limited in a particular way."[5]

Counterclaimants do not dispute Plaintiffs' position that Missouri law applies to the counterclaim for interference with a business relationship. Applying Missouri law,

---

[3]*Anderson v. Suiters*, __ F.3d __, 2007 WL 2421765, *2 (10th Cir. August 28, 2007) (quoting *Macarthur v. San Juan County*, --- F.3d ----, (10th Cir. 2007)).

[4]*Full Draw Productions v. Easton Sports, Inc.*, 182 F.3d 745, 756 (10th Cir. 1999) (stating elements of Sherman Act § 2 claim).

[5]*Xerox Corp. v. Media Sciences Intern., Inc.*, __ F.Supp.2d __, 2007 WL 2685063, *6 (S.D. N.Y. Sept. 14, 2007).

Counterclaimants do not state a claim for interference with business relations because they do not allege termination of a business relationship.[6]

Counterclaimants do not state a claim for trademark cancellation because they do not allege the elements of the alleged fraudulent procurement with particularity.[7]  At best, Defendants merely allege conclusions, not particular facts.[8]

The Court agrees with Plaintiffs that the attempted filing of the Second Amended Counterclaims was improper because leave to file was required where Defendants had previously amended their counterclaims.  However, the Court has reviewed the proposed Second Amended Counterclaim to determine if they would cure the deficiencies.  The Court finds that it contains all of the same deficiencies noted above.  Therefore, granting leave to amend the Amended Counterclaim would be futile.  It is therefore

ORDERED that Plaintiffs' Motion to Dismiss Counterclaims, (Docket No. 76) is GRANTED and the Amended Counterclaims are DISMISSED.  It is further

---

[6] *See Clinch v. Heartland Health*, 187 S.W.3d 10, 15 (Mo. App. 2006) ("A third party's interference with contracts terminable at will is actionable, because, until one of the contracting parties terminates the contract, the parties are in a subsisting relation that presumably will continue and is of value to the plaintiff.").

[7] *Hana Financial, Inc. v. Hana Bank* __ F.Supp.3d __, 2007 WL 2230917, *3 (C.D. Cal. Aug. 1, 2007) (holding that four elements of fraud in procurement of a trademark registration must be pleaded with particularity under Fed. R. Civ. P. 9).

[8] *Id.*

ORDERED that the Second Amended Counterclaim filed on December 4, 2006 (Docket No. 82) shall be disregarded because it was filed without leave.

DATED September 26, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge