IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA LLC, et al., <br><br> Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT VI AND DENYING MOTION TO DISMISS COUNTS V AND VII |
| vs. | |
| PATRICK ENGLERT, individually, et al., <br><br> Defendants. | Case No. 2:06-CV-378 TS |

Defendants move to dismiss Counts V (false advertising under the Utah Truth in Advertising Act), VI (unfair competition in violation of the Utah Unfair Practices Act) and VII (intentional interference with existing and prospective business relations), of the Amended Complaint[1] on the ground they are preempted under the federal Copyright Act. Defendants

---

[1] Defendants refer to the Second Amended Complaint. It appears that the complaint at issue is the First Amended Complaint. See Docket No. 51 (First Amended Complaint). To avoid confusion the Court will refer to the complaints as described in the Motion.

also move to dismiss Count VI on the ground that it fails to state a claim because it does not allege the necessary elements of the claim.

As an initial matter, Plaintiff impliedly concedes the dismissal of Count VI by not addressing it in the Response Memorandum. Accordingly, the Court will dismiss Count VI for failure to state a claim.

The relevant law on preemption of state law claim by the federal Copyright Act is set forth in *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*[2]

> Section 301 of the Copyright Act preempts enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim. More specifically, § 301 preempts a state common law or statutory claim if: "(1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106."[3]
>
> "Section 301 preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law."[4]
>
> In order to determine whether [the state law ] Antitrust Act claim asserts rights equivalent to those specified in § 106 of the Copyright Act-and is thereby preempted by § 301-we compare the elements of the causes of action, not the facts pled to prove them. "[I]f a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright

---

[2] 82 F.3d 1533, 1542-43 (10th Cir. 1996).

[3] *Id.* at 1542-43 (quoting *Gates Rubber Co. v. Bando Chem. Indus.*, Ltd., 9 F.3d 823, 847 (10th Cir.1993)) (footnote omitted).

[4] *Id.* at 1543 (quoting *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir.1992) (quotations omitted).

infringement claim and federal law will not preempt the state action." Hence, to correctly analyze Dillard's copyright preemption argument using the "extra element" test, we must compare the elements of a claim for copyright infringement to the elements of a claim for an Oklahoma Antitrust violation.[5]

"To prove copyright infringement under the Copyright Act, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"[6]   Count V for deceptive trade practices is based upon the allegation that Defendants are advertising or selling non-genuine and/or counterfeit StriVectin products marketed and falsely represented as genuine StriVectin.[7] Plaintiff's allege that these false and misleading statements about the authenticity and genuineness of the products is deceptive within the meaning of the Utah Trade Practices Act.[8]   Plaintiff's claim for deceptive trade practices requires the extra element of deception that is beyond mere copying, preparation of derivative works, performance, distribution or display. Accordingly, it is "qualitatively different from, and not subsumed within, a copyright infringement claim and federal law [does] not preempt the state action."[9]

Defendants argue that there is no probative evidence of selling non-genuine product and therefore there is no deception.  However, at the motion to dismiss stage the "court's function . . . is not to weigh potential evidence that the parties might present at trial, but to

---

[5]*Id*. at 1543 (quoting *Gates Rubber Co.*, 9 F.3d at 847).

[6]*Id*. at 1543 (quoting *Feist Publications, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991)).

[7]First Amended Complaint, at ¶¶ 84-88.

[8]*Id.*

[9]*Harold Stores*, 82 F.3d at 1542.

3

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]

> Rule 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted. . . ." We accept as true all well-pleaded factual allegations and view them in the light most favorable to . . . , the nonmoving party. " We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[11]

The Amended Complaint contains enough facts to state a claim for relief that is plausible on its face as to the elements of deceptive trade practice, including deception.

Count VII for tortious interference has as its elements (1) intent; (2) improper means or improper purpose; and (3) injury.[12] To the extent that the claim is based upon existing business relations, the claim is not preempted. It has as an additional element, the intent to interfere with Plaintiff's existing contracts with its authorized product manufacturers and authorized resellers.[13] The alleged intent to interfere with exclusive manufacturing and

---

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11] *Anderson v. Suiters*, __ F.3d __, 2007 WL 2421765, *2 (10th Cir. August 28, 2007) (quoting *Macarthur v. San Juan County*, --- F.3d ----, (10th Cir. 2007)).

[12] *Leigh Furniture and Carpet Co. v. Isom*, 657 F.Supp. 194, 200 (Utah 1991).

[13] First Amended Complaint, at ¶¶ 24-37 (explaining agreements).

4

sales agreements between Plaintiffs and third parties is different from unauthorized copying.[14]  It is therefore

ORDERED Defendants' Motion to Dismiss Counts V, VI, and VII of Plaintiffs' Second Amended Complaint (Docket No. 68) is GRANTED in part and Count VI is DISMISSED.  It is further

ORDERED that Defendants' Motion to Dismiss Counts V and VII of Plaintiffs' Second Amended Complaint (Docket No. 68) is otherwise DENIED.

DATED  September 26, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14]*See Telecom Technical Services Inc. v. Rolm Co.*, 388 F.3d 820, 833 (11th Cir. 2004) (holding state law tortious interference with contract claim was not preempted because it required the additional element of violating the terms of a contract—a software licence).