IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>PATRICK ENGLERT, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ENGLERT'S REQUESTS FOR PAYMENT<br><br><br><br>Case No. 2:06-CV-378 TS |

This matter is before the Court on three related motions filed by Defendant Patrick Englert (Englert) seeking orders directing Plaintiffs (collectively Klein-Becker) to pay him for the following: (1) inventory Englert delivered to Klein-Becker's attorneys on March 26, 2007;[1] (2) inventory purchased from Plaintiffs;[2] and (3) inventory seized on March 1, 2007.[3]

As Englert acknowledges, the seizure, the delivery, and his inability to sell his inventory of Klein-Becker products all arise from the provisions of the Court's March 1,

---

[1]Docket No. 196, Payment Request for Product Delivered to Plaintiffs on March 26, 2007.

[2]Docket No. 197, Payment Request for Inventory Purchased from Plaintiffs.

[3]Docket No. 198, Payment Request for Inventory Seized on March 1, 2007.

1

2007 TRO and Seizure Order, the March 14, 2007 extension thereof, and the March 28, 2007 Preliminary Injunction which superceded the TRO—all of which are filed under seal at the request of Klein-Becker.  Although they were filed under seal, Klein-Becker quotes at length from the findings supporting the Preliminary Injunction Order.[4]

Englert does not cite a legal basis for his Motions.  He acknowledges that the terms of the Court's Preliminary Injunction prevent him from selling the product/inventory.  He does not move to dissolve the Preliminary Injunction.  Englert argues that Klein-Becker should pay him for the inventory/product because: some or all of it was originally purchased from Klein-Becker; the use dates of his remaining Klein-Becker product are expiring; it is a great financial hardship to him to have to abide by the terms of the preliminary injunction; and Klein-Becker's true purpose in this case is to put him out of business.

Klein-Becker opposes the Motions on the following grounds: Englert failed to raise these issues at the evidentiary hearings held in connection with the injunction orders; Englert delayed in raising the issue; the Court's finding in the Preliminary Injunction fully support the need for the terms of the Preliminary Injunction; Englert obtained the product wrongfully; and Englert's only remedies are procedures under Fed. R. Civ. P. 65(c) and the injunction bond.

The Court finds that there are many issues of fact remaining in the disputes between the parties.  These issues must be determined as part of the merits of this case

---

[4] Docket No. 204, Klein-Becker's Mem. at 2-3.

before the status of the Klein-Becker inventory/product obtained from, or still in the possession of, Englert can be determined.  The following are some of the Issues of fact to be resolved before the issue of payment for the inventory/products can be determined: whether Englert obtained product through alleged false pretenses[5] or subsequent to his allegedly losing his status as an authorized reseller;[6] the extent, if any, of each Defendant's ownership interest in the inventory/product;[7] and, whether Klein-Becker knew and acquiesced in the purchase of its products by Englert and the other defendants.[8]

Plaintiffs obtained the Seizure Order, the TRO, and the Preliminary Injunction by meeting a very high evidentiary standard.  The Preliminary Injunction was issued after a full evidentiary hearing.  At this point, Englert has not shown evidence, as opposed to allegations, that he is entitled to payment on the bond or otherwise because there remain many issues of fact and there is no determination on the merits of this case.  It is therefore

ORDERED that Englert's Payment Request for Product Delivered to Plaintiffs on March 26, 2007 (Docket No. 196) is DENIED.  It is further

ORDERED that Englert's Payment Request for Inventory Purchased from Plaintiffs (Docket No. 197) is DENIED.  It is further

---

[5]Klein-Becker alleges Englert and/or his companies obtained some product through what it alleges was the "GNC scheme."  *Id*. at 4.

[6]*Id*. at 6 and Docket No. 224, Englert's Reply at 2 (alleging Defendants never received notice of alleged termination of reseller status).

[7]Englert is proceeding pro se in his individual capacity.  Because he is not an attorney, he cannot represent the other Defendants.

[8]Docket No. 224, Englert's Reply at 3-4 and 7-9.

ORDERED that Englert's Payment Request for Inventory Seized on March 1, 2007 (Docket No. 198) is DENIED.  It is further

ORDERED that said denials are without prejudice to raising the issue in a motion pursuant to Fed. R. Civ. P. 65.1 or other appropriate vehicle.

DATED March 26, 2008.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge