IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICK ENGLERT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ENGLERT'S EX PARTE MOTION TO INCREASE BOND<br><br><br><br>Case No. 2:06-CV-378 TS |

This matter is before the Court on Defendant Patrick Englert's Ex Parte Motion to Increase Bond. Englert seeks to increase the $10,000 bond posted as a condition of the March 28, 2008 Preliminary Injunction.

Englert moves to have the bond increased to either $100,000 or $250,000. The $100,000 figure is based upon the bond the Court required as a condition precedent to the issuance of the TRO and Seizure Order that preceded the Preliminary Injunction. The basis of the request for a bond increase to $250,000 is not clear.

Englert requests an increase in the bond for the following reasons: an affidavit of a police detective who was present at the initial seizure allegedly contains false statements; Englert has not been given a copy of a police report of an alleged January 3,

1

2007 break-in at Klein-Becker's facility; and, a video of the alleged break-in does not show Klein-Becker's product being stolen.  Englert also represents that he intends to file a motion to set aside the preliminary injunction at an undetermined date in the future.

Plaintiffs oppose an increase in the bond amount.

The Court finds that Englert fails to state grounds to set aside the preliminary injunction or to challenge the bond.  The bond amount was set after a contested evidentiary hearing.  At that evidentiary hearing, the Court also heard Defendant's Sealed Motion for Release of Bond.  In that Motion, Defendants raised similar allegations of misconduct regarding the detective as Englert makes in the present Motion.  That earlier Motion was denied at the conclusion of the evidentiary hearing.  At the same time, the Court granted the Motion for a Preliminary Injunction and set the bond amount.  Nothing in Englert's present Motion states grounds to alter those rulings.

Further, the correct procedure to challenge the amount of the bond set as a security for a preliminary injunction is by an appeal.[1]  Englert did not timely appeal the decision setting the amount of the bond.

---

[1] *E.g., see Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1158 (10th Cir. 2001) (considering appellant's argument regarding the sufficiency of the bond and remanding to trial court for further fact finding on amount of bond) *and Scanvec Amiable Ltd. v. Chang*, 80 Fed.Appx. 171, 176 (3rd Cir. 2003) (declining to consider a retroactive bond increase where enjoined party failed to challenge the security determination at the time the injunction issued or by timely interlocutory appeal of injunction).

To the extent that Englert's Motion is based upon his perceived lack of evidence necessary to challenge the Preliminary Injunction, it is his burden as a litigant to conduct discovery.  It is therefore

ORDERED that Defendant Englert's Ex Parte Motion to Increase Bond (Docket No. 207) is DENIED.

DATED March 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge