IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, et al., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> PATRICK ENGLERT, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br><br><br> Case No. 2:06-CV-378 TS |

This matter is before the Court on the Sealed Motion for Partial Summary Judgment filed by Plaintiffs Klein-Becker.[1] Klein-Becker moves for summary judgment on its claims for trademark infringement and intentional interference with existing business relations. Although the Court is, by simultaneous order, granting terminating sanctions against Defendants Englert and Mr. Finest, the Court will also grant the present Motion, in part, for the grounds stated below in order for there to be a complete record.

---

[1]Plaintiffs Klein-Becker USA, LLC, and Klein-Becker IP Holdings, LLC, will be referred to collectively as Klein-Becker.

"Summary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law."[2]  The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[3]  "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way and is 'material' when 'it is essential to the proper disposition of the claim.'"[4]  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."[5]

The Motion seeks partial summary judgment against all named Defendants.  At the time the Motion was filed the First Amended Complaint was operative.  Reviewing that First Amended Complaint,[6] it appears that Defendants Mr. Finest.com, Mr.FinestSupplements.com, STRIVECTINSALES@AOL.COM, strivectin-sales, and SKIN-CREAM-SALES (collectively the Englert Companies) are d/b/as, fictitious names, or

---

[2]*Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (quoting *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[3]*Id.*

[4]*Haynes v. Level 3 Commc'ns, LLC,* 456 F.3d 1215, 1219 (10th Cir. 2006) (quoting *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[5]*Bartell v. Aurora Pub. Sch.,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[6]Docket No. 51.

websites owned by Defendants Patrick Englert and/or former Defendant Thomas Englert.[7]

Defendant Mr. Finest Supplements, Inc., is a corporation.[8]  Because they do not have a

legal existence separate from Patrick Englert and/or former Defendant Thomas Englert,[9]

the Court will not address the Englert Companies separately from Defendant Patrick

Englert.

> Defendant Mr. Finest has failed to file anything in opposition to the Motion.

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[10]

> Defendant Englert filed a Response which purports to be on behalf of all

Defendants.  However, as he is not a lawyer, he may represent himself pro se, but not the

corporation Mr. Finest.[11]

---

[7]*Id*. at ¶¶ 3-5.

[8]*Id*. at ¶ 6.

[9]The First Amended Complaint's claims against Thomas Englert were dismissed with prejudice pursuant to the parties' stipulation.  Docket No. 57.  However, the Second Amended Complaint purported to include claims against him. The docket does not reflect a certificate of service of the Second Amended Complaint as to Thomas Englert.  Thus, the Court's ruling in no way addresses Thomas Englert.

[10]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[11]*See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct *their own* cases personally or by counsel") (emphasis added); *accord Perry v. Stout*, 20 Fed.Appx. 780, 782 (10th Cir. 2001) (holding that "non-attorney pro se litigants cannot represent other pro se parties.").  The corporation Mr. Finest must be represented by counsel.

Defendant Englert's Response fails to comply with DuCivR 56-1. That Rule requires that the party opposing summary judgment file a memorandum in opposition that "contains a concise statement of material facts as to which the party contends a genuine issue exists."[12]  In particular, the party opposing must:

> number the facts in dispute and must refer with particularity to those portions of the record on which the opposing party relies and, if applicable, must state the number of the movant's fact that is disputed.   All material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment *unless* specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirement of Fed. R. Civ. P. 56.[13]

Klein-Becker submitted 47 detailed statements of fact.  Most include a specific cite to supporting evidence such as affidavits, deposition testimony, or exhibits. The ones without a specific cite refer to matters of record in this case such as the issuance of the Seizure Order, the TRO, or the Preliminary Injunction.   Thus, Klein-Becker's Motion complies with Fed. R. Civ. P. 56 and DuCivR 56-1(b).  In response, Englert does attempt to dispute one of Defendants' statements of fact, but submits nothing controverting it other than his bare denial in the unsworn Response Memorandum. For other facts, Englert argues that there is no proof–but fails to submit anything to show a material issue of fact. Thus, he has not controverted Klein-Becker's statement of facts by identifying material facts of record meeting the requirement of Fed. R. Civ. P. 56, as required by the Local

---

[12]DUCivR 56-1.

[13]*Id*. (emphasis added).

Rule.  Accordingly, all of those facts set forth by Klein-Becker are deemed admitted for the purposes of summary judgment.[14]  The Court incorporates those facts by reference.

Englert argues that summary judgment should not be granted because discovery is not complete and if allowed to complete discovery he will show facts to clear him of any wrongdoing.  If a party seeks to avoid summary judgment on the ground that he "cannot present by affidavit facts essential to justify the party's opposition," that party may so state by affidavit and obtain additional time to obtain the necessary facts to oppose summary judgment.  However, in order to do so, the party must file a motion under Fed. R. Civ. P. 56(f).  Rule 56(f) requires an affidavit.[15]  "Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts."[16]   "Pro se litigants are subject to the same rules of procedure that govern other litigants."[17]   A pro se litigant's "perfunctory and generic assertion that he

---

[14]*Gross v. Burggraf Const.* Co., 53 F.3d 1531, 1546 (10th Cir. 1995) (holding that "absent a specific reference to an affidavit, a deposition transcript, or a specific exhibit" in a summary judgment motion, the court will not "search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury").

[15] *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (explaining when affidavits properly support a Rule 56(f) motion).

[16]*Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992).

[17]*Di Cesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (holding that pro se litigant must comply with Rule 56(f)'s requirements).

5

need[s] more discovery [falls] far short of the substantive requirements of the rule."[18] Englert has failed to support his Motion with an affidavit, or the information that would otherwise be required in affidavit form.  He has not specified what evidence he could obtain that would raise material issues of fact or what steps he has taken to gather such evidence. Accordingly, Englert has not shown grounds to delay ruling on the summary judgment motion.

As Klein-Becker's uncontroverted facts are incorporated herein, only a brief summary is required for the two claims on which Klein-Becker seeks summary judgment.

"To prevail on a trademark infringement claim, the plaintiff must show that its trademark was used in commerce by the defendant without the registrant's consent, and that the use is likely to deceive, cause confusion, or result in mistake."[19]

StriVectin-SD is a validly registered trademark that is well-recognized and has acquired secondary meaning among consumers.  Klein-Becker is the exclusive licensee of the StriVectin-SD trademarks, trade dress, and copyrights.

Defendants Englert and Mr. Finest are not authorized resellers or manufacturers of the trademarked products and Klein-Becker has not consented to their use of its trademark.  Defendants Englert and Mr. Finest regularly used the StriVectin-SD trademark in interstate commerce without Klein-Becker's consent by offering products bearing the

---

[18]*Stone v. Albert*,  2007 WL 4230702, *4 (10th Cir. 2007) (internal quotation and citation omitted).

[19]*Tsunami Softgoods, Inc. v. Tsunami Int'l, Inc*.  2001 WL 670926, *3 (D. Utah 2001).

trademark for sale and selling it via an Internet commercial retail portal and on various websites.  Defendants Englert and Mr. Finest have sold products bearing the StriVectin-SD trademark that were counterfeit, stolen, or in some cases, obtained by misrepresentation from Klein-Becker.  Such product is not subject to the rigorous quality control maintained by Klein-Becker and its authorized manufactures and distributors over the trademarked products. Defendant Englert's and Defendant Mr. Finest's use of the trademark in its sales is likely to cause confusion for consumers as to the source of their product—they were likely to believe that it was genuine StriVectin-SD product when it was not.  The use of the trademark on the websites and in Internet sales was also likely to cause confusion as to the sponsorship and affiliation of Defendants Englert and Mr. Finest and their product by Klein-Becker.   In addition to causing consumer confusion, Defendant Englert's and Defendant Mr. Finest's sale of these products devalues the StriVectin-SD trademark by tarnishing its image and reputation.

The Court finds that Klein-Becker has met its burden of showing that there are no material issues of fact and it is entitled to judgment on its trademark violation claim as a matter of law.

The Court next addresses the intentional interference with existing business relations claim.  "[A] defendant is liable for tortious interference with business relationships if the plaintiff proves "(1) that the defendant intentionally interfered with the plaintiff's

existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff."[20]

> With respect to the second element, only one alternative, either improper purpose or improper means, need be established; a plaintiff need not prove both. To establish the first alternative, improper purpose, it is not enough to show that the defendant was motivated by ill will toward the plaintiff.  Rather, the plaintiff must show that the defendant's "predominant purpose was to injure the plaintiff."  To establish the second alternative, improper means, a plaintiff must show "that the defendant's means of interference were contrary to statutory, regulatory, or common law or violated an established standard of a trade or profession."[21]

Klein-Becker has shown that Defendants Englert and Mr. Finest obtained trademarked product from an authorized customer and that the invoices they received clearly stated that the purchaser (Englert and Mr. Finest) was not authorized to resell the trademarked product to other resellers or on Internet sites.  Thus, Klein-Becker has shown that Defendants were on notice of Klein-Becker's contract with its authorized resellers and knew that the authorized resellers could not sell to Defendants if they knew Defendants were resellers.  However, Klein-Becker has not shown how Defendants Englert and Mr. Finest interfered with the contract of any specific authorized reseller by improper means by inducing that reseller to breach the contract by a misrepresentation or other improper means.[22]

---

[20]*Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1279 (10th Cir. 2000).

[21]*Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 331 (Utah 2005) (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 307 (Utah 1982) and *Pratt v. Prodata, Inc.*, 885 P.2d 786, 787 (Utah 1994)).

[22]*Triesault v. Greater Salt Lake Bus. Dist.*, 126 P.3d 781, 786 (Utah App. 2005) (denying summary judgment on claim of intentional interference where there was a lack

Accordingly, Klein-Becker has not shown, on the uncontested facts set forth in its Motion for Partial Summary Judgment, that it is entitled to judgment as a matter of law on the intentional interference claim.

ORDERED that Klein-Becker's Motion for Partial Summary Judgment (Sealed Docket No. 199) is GRANTED as to the claim for trademark infringement.  It is further

ORDERED that Klein-Becker's Motion for Partial Summary Judgment (Sealed Docket No. 199) is DENIED as to the claim for intentional interference with existing business relations.  It is further

ORDERED that summary judgment is granted in favor of Klein-Becker and against Defendants Mr. Finest Supplements, Inc. and Patrick Englert on the claims for  trademark infringement.

DATED March 27, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

of evidence on use of improper means).

9