IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, et al.,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>PATRICK ENGLERT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ENGLERT'S MOTION FOR SANCTIONS, GRANTING PLAINTIFFS' THIRD MOTION FOR SANCTIONS AND IMPOSING TERMINATING SANCTIONS<br><br><br><br>Case No. 2:06-CV-378 TS |

I. INTRODUCTION

Before the Court are opposing motions for sanctions. The Court finds the Motion for Sanctions filed by Defendant Patrick Englert (Englert) to be without merit and will deny the Motion. The Court finds that the Third Motion for Sanctions filed by Plaintiffs Klein-Becker[1] is meritorious and will grant sanctions against Defendants.

---

[1] Plaintiffs Klein-Becker USA, LLC, and Klein-Becker IP Holdings, LLC, will be referred to collectively as Klein-Becker.

## II.  BACKGROUND

It is indicative of the difficulty of this case that the sanctions motions must be numbered for clarity.  The history of the Klein-Becker's First and Second Motions for Sanctions are set forth in the Magistrate Judge's June 20, 2007 Memorandum Decision and Order (June Sanctions Order).[2]  The Court cannot improve upon the brevity and clarity of that Order's statement of the procedural and factual background of the case.[3]  Familiarity with it is presumed.  Klein-Becker's First Motion for Sanctions[4] was initially addressed by the granting of Klein-Becker's alternative request for a Motion to compel.[5]  Less than a month later, Klein-Becker filed a Renewed Motion for Sanctions (Second Motion for Sanctions).[6]

Klein-Becker's First and Second Motions for Sanctions were resolved by the Magistrate Judge's June Sanctions Order.  That Order held that Defendants have been "evasive and dilatory" in discovery.  Applying the well-established *Ehrenhaus*[7] factors, the Magistrate Judge found as follows: (1) Defendants' discovery behavior resulted in actual

---

[2] Docket No. 179.

[3] *Id*. at 2-5.

[4] Docket No. 98.

[5] Docket No. 115.

[6] Sealed Docket No. 146.

[7] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (enumerating the five nonexclusive factors courts should consider before imposing sanctions for discovery violations).

prejudice to Plaintiffs; (2) Defendants' behavior interfered with the judicial process; (3) Defendants were culpable; (4) Defendants had previously been warned that severe and specific terminating sanctions would be imposed for further violations;[8] and (5) found that lesser sanctions should be imposed one last time before moving to the "weapon of last resort"[9] imposition of summary judgment as a terminating sanction. The Magistrate Judge also specifically reminded Defendants of the Order that Defendants, whose counsel had withdrawn, appear in person or appoint counsel no later than June 30, 2007.[10] Among other things, the Magistrate Judge also ordered that Defendants' "provide a complete privilege log on or before June 30, 2007."[11] The June Sanctions Order also issued a second warning to Defendants that any further failure to comply with the Court's orders or continued actions to obstruct the progress of the case would result in terminating sanctions, including the grant of summary judgment.[12]

After the Magistrate Judge's June Sanctions Order, Defendant Patrick Englert (Englert) filed an "Opposition" to the sanctions already granted, together with his own

---

[8]Docket No. 179, at 7-8, and n.32 (citing and quoting February 28, 2007 Order warning Defendants that possible sanctions for continued failure to comply with discovery orders could include "recommending that the district judge enter summary judgment") (quoting Docket No. 115, at 6).

[9]*Id*. at 8 and n.34 (quoting *Ehrenhaus*, 965 F.2d at 920) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 150 n.6 (10th Cir. 1988)).

[10]*Id*. and n.38 (citing Order at Docket No. 178).

[11]*Id*. at 9, ¶ 3.

[12]*Id*. at 8.

Motion for Sanctions against Klein-Becker (Englert's Motion for Sanctions).[13] Klein-Becker responded with another Renewed Motion for Sanctions.[14] As Klein-Becker had previously filed a document styled a Renewed Motion for Sanctions, its July 16, 2007 Renewed Motions for Sanctions will be referred to as the Third Motion for Sanctions.

### III.  ENGLERT'S MOTION FOR SANCTIONS

By the time he filed his Motion for Sanctions, Englert was appearing pro se. He cites neither rule nor case law in support of his Motion.[15] In support of his Motion, Englert argues that Plaintiff has shown a "disturbing pattern" of increasing costs unnecessarily and of "abuse of process."[16] In support of his Motion for Sanctions, Englert alleges the following: Plaintiffs obtained a seizure order when it would have been cheaper to conduct a Rule 34 inspection; Klein-Becker's counsel were not receptive to and did not respond to Defendants' alleged settlement offers; Klein-Becker's counsel did not give Defendants the same settlement terms as Plaintiffs allegedly offered to another company; Klein-Becker's counsel asked for a continuance of one hearing; and the parties have not been able to agree on deposition dates. Englert does not allege Klein-Becker violated any court order or failed to comply with the discovery rules. Thus, he does not allege facts that could

---

[13] Docket No. 184, filed July 2, 2007.

[14] Docket No. 189.

[15] Docket No. 184, at 4-5.

[16] *Id*. at 5.

4

support a motion to compel[17] or an award of sanctions under Rule 37(b).[18] Construing Englert's pro se Motion liberally, it does not allege violations of Fed. R. Civ. P. 11. Although Englert does not bring his Motion for Sanctions against Klein-Becker's counsel personally, he appears to be attempting to bring his Motion under § 1927,[19] providing that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Aside from the fact that a motion under § 1927 should be brought against the attorney personally, and even assuming that the facts alleged by Englert are true, they do not support a claim for sanctions. Obtaining a lawful seizure order for the purpose stated in the application is not sanctionable behavior simply because it might have been, in the opposing party's view, cheaper to use another remedy. The timing of the execution of the seizure order as coinciding roughly with the Rule 34 inspection does not show unreasonable or vexatious conduct where the Rule 34 inspection was delayed[20] by protective orders and "ample extensions" granted to Defendants.[21] Having delayed the

---

[17]Fed. R. Civ. P. 37(b) (providing party may move for motion compelling disclosure or discovery); Fed. R. Civ. P. 26.

[18]Fed. R. Civ. P. 37(b).

[19]28 U.S.C. § 1927.

[20]The scheduling order, Docket No. 73, provided the Rule 34 inspection was to take place on or before January 12, 2007.

[21]June Sanctions Order, at 2-3 (recounting Defendants' history of dilatory conduct in discovery).

Rule 34 inspection for several months, Englert is not in a position to complain that Klein-Becker acted unreasonably or vexatiously in not postponing it due to the execution of the seizure order. Englert complains that a seizure order was executed in the night. However, Klein-Becker obtained an order allow such execution and Englert submits nothing to show that obtaining such order was not reasonable under the circumstances of this case. For example, as noted by the Magistrate Judge, Defendants' failure to comply with discovery order could have entirely thwarted Klein-Becker's ability to present its case if it had not taken additional steps such as obtaining the Seizure Order.[22] Finally, Englert does not show how he, as opposed to other Defendants, incurred any additional costs as a result of events occurring at an address used by another Defendant.[23]

Seeking a continuance of a hearing and an inability to agree on deposition dates are not, by themselves, sanctionable behavior.

As to all of Englert's allegations regarding Klein-Becker's counsel's alleged lack of response to settlement offers, evidence of any such offers or communications is not generally admissible,[24] and as alleged by Plaintiff is not improper or vexatious conduct.

Englert having failed to show any unreasonable, vexatious, or improper conduct in this litigation by Klein-Becker or its counsel, his Motion for Sanctions will be denied.

---

[22] June Sanction Order, at 6.

[23] According to Englert, this address was his parents' home. Docket No. 184, at 2.

[24] Fed. R. Evid. 408.

## IV. KLEIN-BECKER'S THIRD MOTION FOR SANCTIONS

Klein-Becker moves for sanctions on the ground that all Defendants have failed to comply with the Order that they appear in person or appoint counsel no later than June 30, 2007,[25] and "provide a complete privilege log on or before June 30, 2007."[26]

Reviewing the Second Amended Complaint,[27] it appears that Defendants Mr. Finest.com, Mr.FinestSupplements.com, STRIVECTINSALES@AOL.COM, strivectin-sales, and SKIN-CREAM-SALES (collectively the Englert companies) are d/b/a's, fictitious names, or websites owned by Defendants Patrick Englert and/or former Defendant Thomas Englert.[28] Defendant Mr. Finest Supplements, Inc., is a corporation.[29] Because they do not have a legal existence separate from Patrick Englert and/or former Defendant Thomas Englert,[30] the Court will not address the Englert companies Defendants separately from Defendant Patrick Englert.

---

[25] *Id*. and n.38 (citing Order at Docket No. 178).

[26] *Id*. at 9, ¶ 3.

[27] Docket No. 212.

[28] *Id*. at ¶¶ 3-5; *see also* Docket No. 51 (First Amended Complaint), at ¶¶ 3-5.

[29] *Id*. at ¶ 6; *see also* First Amended Complaint, at ¶ 6.

[30] The First Amended Complaint's claims against Thomas Englert were dismissed with prejudice pursuant to the parties' stipulation. Docket No. 57. However, the Second Amended Complaint purported to include claims against him. The docket does not reflect a certificate of service of the Second Amended Complaint as to Thomas Englert. Thus, the Court's ruling in no way addresses Thomas Englert.

7

The Court finds that Defendant Mr. Finest Supplements, Inc., has failed to obtain counsel. Nothing has been submitted in response to the request for sanctions for the failure to obtain counsel.

> Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery." Included among the available sanctions is the entry of "judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C).
>
> * * *
>
> "[D]ue process requires that 'failure' [to comply with a discovery request/order] is a sufficient ground only when it is the result of willfulness, bad faith, or some fault of [the offending party] rather than inability to comply." We have "defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' "
>
> It is also necessary for a district court to ensure that default judgment is a "just" sanction for the offending party's misconduct. Thus, in addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider" in selecting a sanction. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction."[31]

The Court finds that the failure to appoint counsel for the corporate Defendant Mr. Finest is willful. There is nothing filed in response, there is no indication that the corporation

---

[31] *EBI Securities Corp., Inc. v. Net Command Tech, Inc.*, 85 Fed.Appx. 105, 107 (10th Cir. 2003) (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) and *Ehrenhaus*, 965 F.2d at 920-21).

has attempted to obtain counsel but has been unable to.  Applying the *Ehrenhaus* factors, the Court finds as follows.  There has been a high degree of actual prejudice to Klein-Becker as the non-offending party because it is not possible for it to move forward with necessary discovery when Mr. Finest has no counsel.  The amount of interference with the judicial process caused by the offending party is great, this case is essentially dead in the water as to Mr. Finest unless it obtains counsel.   The Court has warned Mr. Finest twice that if it did not obtain counsel, terminating sanctions could be imposed for the failure to comply.   The Magistrate Judge previously found that lesser sanctions should be applied. They have proven to be ineffective.  The Court finds that the history of this case has shown that it is the exceedingly rare case where the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits" and therefore a default judgment against Mr. Finest is an appropriate sanction.

The Court notes that even if it did not render judgment against Mr. Finest for its continued non-compliance, summary judgment would be entered against it because its failure to controvert Klein-Becker's facts in support of summary judgment render those facts deemed admitted. For the reasons stated in the order granting Partial Summary Judgment, Klein-Becker has shown that it is entitled to judgment as a matter of law on those facts.

As to Englert, he has failed to comply with the Court's order that he provide a complete privilege log.  In his Motion for Sanctions, he alleges that it is not possible for him to do so but continues to assert a blanket privilege for unspecified documents that are "personal in nature and do not have anything to do with this litigation."   Englert admits that

many documents were copied and returned by Klein-Becker.[32]  However, he has made no attempt to submit a list of those returned documents that he asserts are privileged as personal in nature or on any other ground.  He asserts that he has no way to know what has not been returned by Klein-Becker.  However, he surely knows what he has in his possession and whether he believes that any of it should not be turned over as privileged.  Absent even an attempt to comply with any kind of rough list of claimed privileged documents or a statement that he has no documents that have not been copied by Klein-Becker, the Court must find that the failure is willful.

Applying the *Ehrenhaus* factors, to Englert, the Court finds there has been a high degree of actual prejudice to the Klein-Becker as the non-offending party because it cannot complete discovery where it cannot determine what is being withheld under Englert's claim of privilege.  The amount of interference with the judicial process caused by the offending party is high because it is not possible for the judicial process to proceed where litigants simply ignore discovery orders.  The Court has warned Englert in the clearest possible language that continued noncompliance with the Court's orders would result in terminating sanctions.  As with Mr. Finest, lesser sanctions have been applied but have proven to be ineffective.  As noted above, this is the exceedingly rare case where the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits" and therefore entry of terminating sanctions against Englert is appropriate.

---

[32]Englert's Mot. at 3.

## V.  CONCLUSION AND ORDER

For the reasons stated in the Order Granting in Part Klein-Becker's Motion for Partial Summary Judgment, Klein-Becker is entitled to summary judgment on the claims of trademark infringement against Defendants Englert and Mr. Finest.  The terminating sanctions imposed herein apply to all other claims against these Defendants.  Klein-Becker is entitled to judgment on all other claims against these Defendants as a sanction for their continuing failure to comply with the Court's Orders.

Based upon the foregoing it is therefore

ORDERED that Defendant Englert's Motion for Sanctions (Docket No. 184) is DENIED.  It is further

ORDERED that Klein-Becker's Third Motion for Sanctions (Docket No. 189) is GRANTED.  It is further

ORDERED that the sanction imposed against Defendants Patrick Englert and Mr. Finest Supplements, Inc., is entry of judgment against them on all claims not already granted by the summary judgment order.

DATED March 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge