IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, a Utah limited liability company, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br>PATRICK ENGLERT, individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MRFINEST.COM, MRFINESTSUPPLEMENTS.COM; MR. FINEST SUPPLEMENTS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A DIRECTED VERDICT AND DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT<br><br><br><br><br><br>Case No. 2:06-CV-378 TS |

This matter was tried to the Court on June 15, 2009. Defendant Patrick Englert represented himself pro se. After Plaintiff rested, Defendant decided not to call any witnesses and rested his case without any evidence.[1] The Court set a schedule for the

---

[1] Tran. at 106-07.

1

filing of proposed findings of fact and conclusions of law, which were eventually filed on September 2, 2009.  However, on June 25, 2009, prior to the filing of any of the proposed findings and conclusions, but well after the trial had concluded, Defendant filed the present Motion for a Directed Verdict (the present Motion).

In the present Motion, Defendant seeks judgment on the ground that Plaintiffs failed to present evidence on the following: monetary damages, Defendant's profits from sales of Strivectin, the merits of the award of attorney fees and wilfulness of the violations of intellectual property rights.  Plaintiff moves to strike the Motion as procedurally defective and substantially meritless.

Because Defendant is proceeding pro se, the Court construes his pleadings liberally but pro se parties must still "follow the same rules of procedure that govern other litigants."[2]

The Court agrees that the Motion is procedurally defective because it appears to be one for judgment as a matter of law under FED. R. CIV. P. 50, formerly referred to as a motion for a directed verdict.[3]  However, such a motion would only be appropriate for a jury trial.  For a nonjury trial, as was held in the present case, the corresponding rule is FED. R. CIV. P. 52(c), providing:

---

[2] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (citing cases holding that pro se parties must comply with same procedural rules that govern all other litigants).

[3] *Gust v. Jones,* 162 F.3d 587, 599 (10th Cir. 1998) ("We are cognizant of the fact that pursuant to Federal Rule of Civil Procedure 50 a motion for a directed verdict is now a motion for judgment as a matter of law.").

2

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).[4]

The Court construes the present Motion as one for judgment as a matter of law, or as it is sometimes referred to, as a motion for judgment on partial findings[5] under Rule 52(c). As is evident by the language of the rule, such a motion should be made after the party, in this case the Plaintiff, had been fully heard on an issue during a nonjury trial. However, the Court may defer ruling until after the close of all of the evidence. Unlike Rule 50(b)'s provision for renewing a motion for a judgment as a matter of law after trial, there is not a corresponding provision for renewal of a Rule 52(c) motion after trial.[6] Thus, the Motion should have been made at the close of Plaintiffs' evidence, or at the close of all of the evidence.

Alternatively, even if the present Motion is considered timely filed, it will be denied on its merits. In considering a motion under Rule 52(c), the Court does not conduct the limited standard applicable to motions for judgment as a matter of law. Instead, the Court

---

[4] FED. R. CIV. P. 52(c).

[5] *Roth v. American Hosp. Supply Corp.*, 965 F.2d 862, 865 n.2 (10th Cir. 1992).

[6] However, there is a provision to file a motion to alter or amend the judgment and for a new trial. See FED. R. CIV. P. 52(b)(providing for filing a motion to amend or add findings <u>after</u> entry of judgment and providing such motion may be combined with a motion under Rule 59); *See also* FED. R. CIV. P. 59(a)(2) (providing that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgement if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment").

applies the standard developed under former Rule 41(b), which was replaced with Rule 52(c).[7]

> The trial court is not required to consider the evidence in the light most favorable to the plaintiff, but instead must undertake[ ] the fact finding process which involves a weighing of the evidence and an assessment of the credibility of the witnesses to determine whether or not the plaintiff has demonstrated a factual and legal right to relief.[8]

Thus, the Court makes the same assessment that it makes for its findings and conclusions on the claims against Defendant. In those findings of fact and conclusions of law, entered separately, the Court found in favor of Plaintiffs and against Defendant on the merits of Plaintiff's claim for monetary damages, Defendant's profits from sales of Strivectin, and awarded attorney fees. For those same reasons, the Court will deny Defendant's Motion for partial judgment on those issues.

Because the Court is denying the Motion, Plaintiff's Motion to Strike is moot. It is therefore

ORDERED that Defendant's Motion for Directed Verdict (Docket No. 311) is DENIED. It is further

---

[7]FED. R. CIV. P. 52(c) Advisory Notes 1991 Amendments.

[8]*Roth*, 965 F.2d at 865 (quoting *Blankenship v. Herzfeld*, 661 F.2d 840, 845 (10th Cir.1981) and *Feldman v. Pioneer Petroleum, Inc.*, 813 F.2d 296, 299 & n.4 (10th Cir. 1987) (further citations, quotation marks, and alterations omitted).

4

ORDERED that Plaintiff's Motion to Strike (Docket No. 312) is DENIED.

DATED this 18th day of January, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge