Jason M. Kerr (8222)
David R. Parkinson (8258)
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
Telephone: (801) 517-7000
Facsimile:  (801) 517-7003

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER usa, LLC, a Utah limited liability company, and KLEIN-BECKER IP HOLDINGS, LLC, a Nevada limited liability company,<br><br>　　　　　　　　　　Plaintiffs<br><br>vs.<br><br>PATRICK ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MR. FINEST.COM, MRFINESTSUPPLEMENTS.COM; TOM ENGLERT individually and d/b/a MR. FINEST SUPPLEMENTS, STRIVECTIN-SALES, SKIN-CREAM-SALES, STRIVECTINSALES@AOL.COM, MR. FINEST.COM, MRFINESTSUPPLEMENTS.COM; MR. FINEST SUPPLEMENTS, INC.; and JOHN DOE CORPORATIONS I-X,<br><br>　　　　　　　　　　Defendants | **DECLARATION OF JASON KERR IN SUPPORT OF MOTION FOR ATTORNEY FEES**<br><br><br>Case No. 2:06-CV-00378<br><br>Judge Ted Stewart<br><br>Magistrate David O. Nuffer |

Jason M. Kerr declares under penalty of perjury:

　　1.　　I am a resident of the state of Utah, and am over 18 years of age.

2.	I am counsel of records for plaintiffs in this matter. Since this case was first filed I have either been the in-house counsel primarily responsible for the management of this case, or counsel of record.

3.	As an in-house counsel I am familiar with the rates charged by various attorneys in this market for different types of work. I am personally familiar with the rates charged by the law firms Howrey, Burbidge & Mitchell, and Holme Roberts & Owen as these firms have been hired by companies for which I act as in-house counsel.

4.	This case commenced in 2006. Plaintiffs hired the law firm Howrey to represent them. Plaintiffs selected Howrey for several reasons.

5.	First, Howrey was a nation-wide law firm with offices in several states. The defendants are located out of state.

6.	Second, Gary Bendiger, the lead lawyer on the case at the time, has the reputation of being one of the best litigators in the state of Utah, with significant trial and courtroom experience.

7.	Third, Howrey was known for its expertise in intellectual property protection.

8.	Finally, Howrey's and Gary Bendinger's billing rates were commensurate with the billing rates of other highly qualified lawyers practicing in commercial litigation.

9.	For example, George Haley of Holme Roberts & Owen and Dick Burbidge of Burbidge & Mitchell both bill $525 per hour.

10.	The billing rates for Howrey's more junior partners, associates, and paralegals were generally in-line with the billing rates of other firms practicing in this area.

11.	While discovery was ongoing in this case, the plaintiffs were burglarized and over three hundred thousand dollars worth of StriVectin products were stolen.

12. Fortunately, the thieves stole pallets of StriVectin that had a unique lot number, which never had been sold on the open market.

13. The plaintiffs were able to quarantine the remainder of the lot. Therefore, the plaintiffs knew that if they were able to purchase StriVectin with the unique lot number, it would be stolen.

14. However, plaintiffs also realized that if the thieves noticed that purchases were being made from Utah they might not sell the stolen product, realizing that the plaintiffs might be attempting to purchase the stolen goods.

15. In an attempt to locate the stolen goods and discover the thieves, the plaintiffs hired several different private investigators in different states to make purchases, incurring over thirteen thousand dollars in charges.

16. Although expensive and time consuming, the strategy worked, and the plaintiffs found that the defendants were selling the stolen goods.

17. Based on the evidence collected by the plaintiffs, the Court issued an *ex parte* Temporary Restraining Order and Seizure order in March 2007. When executing the seizure order, which occurred in two locations near St. Louis, Missouri, the plaintiffs discovered stolen product being sold by the defendants, among other evidence that the defendant was hiding evidence. Briefing, executing, and analyzing the evidence and data gathered from the seizure cost in excess of $200,000 alone. Shortly after the seizure, the Court granted a preliminary injunction against the defendants after a one day evidentiary hearing.

18. In 2008, plaintiffs had reorganized their in-house legal department such that they were able to transition this case to be handled by in-house attorneys. That transition saved

19. significant expenses that would have been incurred had the case continued to be handled by Howrey. For example, in-house counsel took all of the depositions in this case and tried the case.

DATED this 22nd day of February, 2011.

_____
JASON M. KERR
Attorney for Plaintiffs