IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER usa, LLC, a Utah limited liability company, et al.,<br><br>    Plaintiffs,<br><br><br><br>    vs.<br><br><br><br>PATRICK ENGLERT, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO RULE 54(d)(2)<br><br><br><br><br><br>Case No. 2:06-CV-378 TS |

This matter is before the Court on Plaintiffs' Motion for Attorney Fees and Costs.  For

the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

This matter came before the Court for a bench trial on June 15, 2009.  The Court issued

its Findings of Fact and Conclusions of Law on January 18, 2011, and Judgment was entered

against Defendants on January 25, 2011.  As part of its Findings of Fact and Conclusion of Law,

the Court found this to be an exceptional case under the Lanham Act, thereby entitling Plaintiffs

to their fees and costs.[1] The Court directed Plaintiffs to file their Bill of Costs and itemization of

attorney fees in accordance with applicable rules.  Plaintiffs have now filed the instant Motion,

wherein they seek their fees and costs.

## II.  DISCUSSION

Plaintiffs' Motion seeks fees and costs in the amount of $1,662,419.38.  Plaintiffs provide

evidence that they were represented by four law firms during this case: Howery LLP, Clyde

Snow & Sessions, Nagin Gallop & Figueredo PA, and Armstrong Teasdale LLP.  Howery LLP

charged attorney fees of $1,247,534.30 and costs of $325,930.17, for a total of $1,573,464.17.

Clyde Snow & Sessions charged attorney fees of $6,847.50 and costs of $627.74, for a total of

$7,475.24.  Nagin Gallop & Figueredo PA charged attorney fees in the amount of $1,445.91.

Armstrong Teasdale LLP charged attorney fees in the amount of $46,297.36.  In addition,

Plaintiffs seek costs totaling $33,736.70.

Defendants argue that Plaintiffs failed to comply with the Court's local rules regarding

motions for attorney fees.  Defendants further argue that the fees at issue here are not reasonable.

Finally, Defendants argue that the exhibits to Plaintiffs' Motion were not timely filed and are

redacted to such an extent that it is impossible to tell whether the fees charged are justified.  The

Court will address each of these issues in turn.

## A.      LOCAL RULES

Defendants first argue that Plaintiffs' Motion fails to comply with DUCivR 54-2.  That

rule provides, in pertinent part, that a motion for attorneys' fees must "(i) state the basis for the

---

[1]15 U.S.C. § 1117(a).

award; (ii) specify the amount claimed; and, (iii) be accompanied by an affidavit of counsel

setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and

any other pertinent supporting information that justifies the award."

Defendants argue that Plaintiffs' Motion fails to adequately set forth the scope of the

effort involved.  Having reviewed the Motion, as well as the Affidavit of Attorney and the

exhibits attached to the Motion, the Court finds that it is sufficient to comply with the local rule.

The information contained in the Motion, particularly those invoices attached to the Motion,

sufficiently set forth the scope of the effort of the attorneys involved.  Therefore, the Court

rejects Defendants' argument that the Motion fails to comply with DUCivR 54-2.

B.      REASONABLENESS OF THE FEES

Defendants next argue that the fees at issue are not reasonable under the circumstances.

> When determining what is a reasonable award of attorney fees, the district court must calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate.  The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates.  In order to prove the number of hours reasonably spent on the litigation, the party must submit meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.  The district court can reduce the number of hours when the time records provided to the court are inadequate.  Finally, the district court must reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party.
>
> When determining the appropriate rate to apply to the reasonable hours, the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation.  The party requesting the fees bears the burden of showing that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.[2]

With this standard in mind, the Court reviews the fees sought by Plaintiffs. As an initial matter, the Court notes that Plaintiffs have not presented any evidence for the amounts charged by Armstrong Teasdale LLP and Nagin Gallop & Figueredo PA. As stated, Plaintiffs have the burden of submitting support for their fees and the Court can reduce the amount of fees when the records provided are inadequate. As Plaintiffs have failed to provide any evidence supporting fees from these two law firms, the Court will not award those fees. In addition, Plaintiffs have failed to provide evidence supporting a number of their requests for costs, including those related to Salt Lake Legal, PayPal, Inc., ICU Investigations, eBay, Inc., Delaware Attorney Services; Cache County Sheriff's Office, and Bringhurst Process Service, LLC. Therefore, these items will also be deducted from the award of fees and costs.

The Court next considers whether the hours spent on this matter were reasonable. Having considered the invoices submitted by Plaintiffs, the Court finds that they were. The Court need not repeat the long history of this case, but it is important to note the great lengths that Defendants went to in an attempt to obstruct and obfuscate the proceedings of this case. Indeed, it seems that much of the effort of counsel in this case is directly attributable to the conduct of Defendants. Therefore, the Court finds the hours spent to be reasonable.

The Court also considers the reasonableness of the hourly rates charged. Plaintiffs have met their burden of showing that the rates charged here are in line with those prevailing in the

---

[2]*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233-34 (10th Cir. 2000) (quotation marks and citation omitted).

community for similar services by lawyers of comparable skill, experience, and reputation. The

Declaration of Jason Kerr provides that the rates charged by one of Howery's attorneys is

commensurate with the billing rates of similarly qualified lawyers. The Declaration further sets

out that the billing rates for the other Howery attorneys is in-line with the billing rates of other

firms in this area. Defendants have provided no evidence to the contrary. Based on this

evidence, the Court finds that the rates charged were reasonable.

C.      TIMELY FILING AND REDACTION

        Defendants final argument is that the invoices supporting Plaintiffs' Motion were not

timely filed and are overly redacted. Turning to the first issue, the Court disagrees with

Defendants. Fed.R.Civ.P. 54(d)(2)(B)(I) provides that a motion for attorney's fees must be filed

within 14 days after the entry of judgment. In this case, Judgment was entered on January 25,

2011. Plaintiffs' Motion for Attorney Fees and the exhibits thereto were filed on February 1,

2011, well within the 14 day limit.

        Defendants also argue that the exhibits are redacted to an extent that Defendants and the

Court cannot meaningfully review the material contained therein. While the invoices do contain

significant redactions, the information provided is sufficient for the Court to determine the

reasonableness of the attorney fees sought.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Attorney Fees and Costs (Docket No. 330) is

GRANTED IN PART AND DENIED IN PART.  Plaintiffs are awarded those fees and costs for

which they have provided evidence, for a total of $1,614,072.39.

DATED   September 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge