IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER usa, LLC, a Utah limited liability company, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICK ENGLERT, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL AND/OR TO ALTER OR AMEND JUDGMENT <br><br><br> Case No. 2:06-CV-378 TS |

This matter came before the Court for a bench trial on June 15, 2009. The Court issued its Findings of Fact and Conclusions of Law on January 18, 2011, and Judgment was entered against Defendants on January 25, 2011. Defendants subsequently filed this Motion for New Trial and/or to Alter or Amend Judgment. For the reasons discussed below, the Court will deny the Motion.

I. STANDARD OF REVIEW

Defendants seek a new trial under Fed.R.Civ.P. 59. Rule 59(a)(1)(B) provides that a new trial may be granted "after a nonjury trial, for any reason for which a rehearing has heretofore

been granted in a suit in equity in federal court."[1]  "Motions for a new trial are generally disfavored, and should only be granted with great caution."[2]

In the alternative, Defendants seek to alter or amend the Judgment under Rule 59(e). Grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3]

## II.  DISCUSSION

Defendants argue that they are entitled to a new trial and/or that the Judgment should be amended for a number of reasons.  The Court will discuss them in turn.

A.  SUFFICIENCY OF THE EVIDENCE CONCERNING DAMAGES

Defendants first argue that there was insufficient evidence for the Court to award $673,988.17 in damages for Defendants' trademark infringement.  As the Court explained in its Findings of Fact and Conclusions of law, this amount came from PayPal records showing Defendants's gross sales of StriVectin products.  This evidence provided an ample basis for the Court's conclusion concerning the amount of damages.  Though, as previously stated, this amount "understates the gross sales" made by Defendants, there is ample evidence to support the

---

[1] Fed.R.Civ.P. 59(a).

[2] *Chavez v. City of Albuquerque*, 640 F. Supp. 2d 1340, 1342 (D. N.M. 2008).

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

conclusion that Plaintiffs suffered damages in at least this amount.[4] Therefore, this argument will be rejected.

B.    DEDUCTION OF OVERHEAD COSTS

Defendants next contend that the Court erred in failing to deduct Defendants' overhead costs when calculating damages based on Defendants' gross profits. Once Plaintiffs met their burden of showing gross costs, it became Defendants' burden to show any overhead expenses to be deducted.[5] In this matter, Defendants presented no evidence, let alone any evidence concerning overhead expenses. Therefore, there was no basis for the Court to deduct overhead expenses. Defendants ask the Court to speculate about the existence of overhead expenses but, without evidence being presented by Defendants to support these claims, the Court declines to engage in such speculation.

C.    DISGORGEMENT OF PROFITS

Defendants argue that the Court assumed facts not in evidence and drew unreasonable inferences when deciding to award Plaintiffs disgorgement of profits. Defendants also argue that the Court abused its discretion in finding that Defendants acted willfully.

As the Court previously explained, a plaintiff may recover the defendant's profits by showing either actual damages or, absent actual damages, by establishing that the defendant's actions were willful.[6] Though Plaintiffs did not seek actual damages, the Court found actual

---

[4] Docket No. 324 at 26.

[5] *First Savings Bank, F.S.B. v. U.S. Bankcorp*, 117 F. Supp. 2d, 1088 (D. Kan. 2000).

[6] *Western Diversified v. Hyundai Motor Am.*, 427 F.3d 1269, 1272-73 (10th Cir. 2005).

3

damages existed and that Defendants' actions were willful. Having reviewed the record, the Court finds that there was substantial evidence to support both of these conclusions and that the inferences drawn were reasonable. Therefore, the Court will deny Defendants' request for relief under this argument.

D. PIERCING THE CORPORATE VEIL

Defendants contend that Plaintiffs should have been required to present evidence to pierce the corporate veil and that the Court erred in not making findings concerning piercing the corporate veil. This argument, however, ignores the fact that judgment on the issue of liability had been entered against Defendants prior to trial. Therefore, there was no need for Plaintiffs to present evidence on this issue and no need for the Court to make findings with respect to piercing the corporate veil.

E. PERMANENT INJUNCTION

Defendants argue that the Court erred in entering a permanent injunction because Plaintiffs failed to show irreparable harm. The Court disagrees. There is ample evidence in the record, including Defendants' actions throughout the case, which support a finding of irreparable harm.

F. CALLING OF WITNESSES

Defendants next argue that the Court erred when it refused to allow Defendants to call witnesses. This argument, however, is not supported by the record. Rather than the Court, it was Defendants who decided not to call any witnesses. Therefore, this argument fails.

G. FRAUD DAMAGES

Defendants also argue that the Court erred in its determination of fraud damages. The Court made its determination of fraud damages by adhering to the rule set out in *Watkins & Faber v. Whiteley*,[7] where the Utah Supreme Court adopted a measure of damages which was "the difference between the fair market value of that which the plaintiff actually received, and the fair market value of the property bargained for, if it had been as represented."[8] Under this standard, the Court found that the retail value of the product more accurately reflected the level of damages due to Defendants' fraud. Defendants contend that this conclusion was incorrect because they purchased the product as a wholesaler. The Court disagrees with this assessment. If not for their fraud, Defendants would have purchased the product as consumers, not wholesalers. Thus, the proper level of damages is the retail value that Defendants would have paid but for their fraud.

H. JURY DEMAND

Defendants' final argument is that this case should have been tried before a jury. In this matter, Defendants filed a request for a jury demand, which Plaintiffs sought to strike as untimely. The Magistrate Judge granted Plaintiffs' Motion to Strike, thereby striking Defendants' jury demand. Defendants did not file an objection to the Magistrate Judge's

---

[7] 578 P.2d 514 (Utah 1978).

[8] *Id*. at 515.

decision on this issue. Therefore, any objection thereto has been waived[9] and the Court will not reconsider this issue at this stage.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for New Trial and/or to Alter or Amend Judgment (Docket No. 329) is DENIED.

DATED   September 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).